```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GABRIEL FALCO,

                        Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               17-MC-0440(JS)
ANTHONY SANTORO and SPECTRUM PSYCHOLOGY
SERVICES, PCLLC,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Gabriel Falco, pro se
                    P.O. Box 363
                    Southampton, NY 11969

For Defendants:     Jonathan R. Hammerman, Esq.
                    Kaufman, Borgeest & Ryan LLP
                    1305 Franklin Avenue
                    Garden City, NY 11530
```

SEYBERT, District Judge:

Presently pending before the Court is plaintiff Gabriel Falco's ("Plaintiff") Petition seeking pre-action discovery from defendants Anthony Santoro ("Dr. Santoro") and Spectrum Psychology Services, PCLLC ("Spectrum" and collectively, "Defendants"). (Pet., Docket Entry 1-1.)  For the following reasons, Plaintiff's Petition is DENIED.

### BACKGROUND[1]

In August 2013, Plaintiff commenced an action for divorce in Suffolk County Supreme Court (the "Matrimonial

---

[1] For ease of reference, the Court will use ECF pagination when referring to the parties' submissions.

Action"). (Pl.'s Reply, Docket Entry 6, at 5, ¶ 7.) In an Order for Forensic Evaluation dated August 5, 2014, the state court judge appointed Dr. Santoro of Spectrum Psychology Services, PLLC, to conduct a forensic evaluation of Plaintiff, his former wife, and their children with respect to custody and related issues. (Forensic Order, Pl.'s Reply at 25-26.) Plaintiff and his former wife were further directed to remit a "retainer fee and/or fees for the forensic evaluation and for the forensic report" to Dr. Santoro, with costs to be shared equally, subject to reallocation. (Forensic Order.) Plaintiff executed a Retainer Agreement with Spectrum on December 18, 2014, which indicates that he paid one-half of the $6,000 retainer fee and that Spectrum's work on the matter would be billed at an hourly rate of $300 (the "Retainer Agreement"). (Retainer, Pet. at 20.) The Retainer Agreement also provided that Spectrum would not release any reports until any outstanding balance had been satisfied.

Plaintiff alleges that he was "coerced" into signing the Retainer Agreement, and explained to Dr. Santoro that he could not afford to pay him $300 per hour. (Pet. at 4, ¶¶ 9, 12-13.) Plaintiff further alleges that during his meeting with Dr. Santoro to execute the Retainer Agreement, Dr. Santoro referenced "partisan politics and gender bias" that could influence the disposition of the Matrimonial Action, as well as the notion that in some cases, forensic reports were ordered as a "threat that

causes people without sufficient funds to settle." (Pet. at 5, ¶¶ 14-15.) Plaintiff further alleges that he filed motions in the Matrimonial Action requesting that Dr. Santoro's fees be reduced and his appointment be vacated. (Pet. at 6-7, ¶¶ 18-19.) The latter motion was rendered moot after Dr. Santoro withdrew from the Matrimonial Action. (Pet. at 6-7, ¶ 19.)

Plaintiff avers that during his involvement in the Matrimonial Action, Dr. Santoro engaged in communications that "prejudiced [P]laintiff," and he has been "damaged" by his inability to access Dr. Santoro's records. (Pet. at 7, ¶ 20.) Plaintiff alleges that he made "good faith discovery demand[s]" and filed a motion to compel the discovery of unspecified items. (Pet. at 7-8, ¶ 22.) Plaintiff alleges that Dr. Santoro made a "positive" interim report, but "[a]t the time [Dr. Santoro] made his report to the court and other parties, there was an unsatisfied balance owed by movant." (Pet. at 8, ¶¶ 24-25.) Plaintiff alleges that his inability to access this report constituted a violation of his due process rights. (Pet. at 8, ¶ 25.) Plaintiff also alleges that he "had communication with law enforcement personnel investigating the mysterious los[s] of papers bearing upon his Suffolk County Supreme Court case and possible violations of law engaged in by Suffolk Court personnel." (Pet. at 12, ¶ 34.)

On February 14, 2017, Plaintiff filed the pending Petition. Plaintiff argues that Dr. Santoro's actions violated

3

his First, Fifth, Sixth, and Fourteenth Amendment rights, and requests that the Court issue a "Judicial Subpoena Duces tecum directing defendant Santoro to produce records and to testify at a deposition." (Pet. at 1; 16, ¶¶ 43-46.) Plaintiff also avers that he is seeking pre-action discovery in order "to determine the correct and total number of defendants to name in a possible action for damages . . . ." (Pet. at 1, ¶ 1.)

Defendants oppose the Petition and argue that Plaintiff has failed to establish entitlement to pre-action discovery. (Defs.' Opp., Docket Entry 5, at 2.) Defendants allege that Dr. Santoro did not submit a report to the state court in connection with the Matrimonial Action, and did not submit formal progress updates, render an opinion, or make custody recommendations. (Defs.' Opp. at 3.) Defendants argue that Plaintiff failed to specify the information he expects to obtain in his requested discovery, or demonstrate that he has a good faith basis for bringing a cognizable action in federal court but is presently unable to commence the action, and that the testimony is in danger of being lost, concealed, or destroyed. (Defs.' Opp. at 5-8.)

On reply, Plaintiff alleges that he "expects to find information as to the communication between [ ] Santoro and a Justice of the New York State Supreme Court that led to [Plaintiff] being prejudiced." (Pl.'s Reply at 1, ¶ 1.) Plaintiff alleges that he seeks to rely on reports that may be discarded and "there

4

is no assurance the evidence will be preserved." (Pl.'s Reply at 1, ¶ 2.) Plaintiff alleges that "[s]everal potential witnesses are no longer employed by the State [and] their records may be destroyed at any time" and that "[a]t least one of the witnesses is of an advanced age." (Pl.'s Reply at 1-2, ¶ 2.) Plaintiff further argues that it is unclear whether the state court judge who appointed Dr. Santoro is obligated to preserve any relevant records. (Pl.'s Reply at 2, ¶ 3.)

Plaintiff alleges that he requires discovery to ensure that "no inaccurate or baseless allegation is made." (Pl.'s Reply at 2-3, ¶ 6.) Plaintiff asserts that in recorded conversations, Dr. Santoro stated that the state court judge "was determined to avoid being burdened with trials" and that Dr. Santoro's role was "to prevent disfavored litigants from insisting on trial in order to curry favor with the [state court judge]." (Pl.'s Reply at 2, ¶ 6.) Plaintiff has also annexed a "preliminary draft of a complaint." (Pl.'s Reply at 1, ¶ 1; 4-13.)

## DISCUSSION

Federal Rule of Civil Procedure 27(a) provides a mechanism for filing a petition to "perpetuate testimony about any matter cognizable in a United States court" prior to the commencement of an action. FED. R. CIV. P. 27(a)(1); Marshall v. Madoff, No. 15-MC-0056, 2015 WL 2183939, at *2 (S.D.N.Y. May 11, 2015). To prevail on a Rule 27 petition, the petitioner must

5

establish: (1) "a focused explanation of what they anticipate any testimony would demonstrate," (2) "in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought," and (3) "an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed." In re Petition of Allegretti, 229 F.R.D. 93, 96 (S.D.N.Y. 2005).

However, Rule 27 does not function as a "substitute for the broader, post-complaint discovery available under Rule 26," and is limited to "special circumstances to preserve testimony which otherwise might be lost." In re Liquor Salesman's Union Local 2D Pension Fund, No. 12-CV-2786, 2012 WL 2952391, at *3 (E.D.N.Y. Jul. 19, 2012). See also Bryant v. Am. Fed. of Musicians of the U.S. and Canada, No. 14-CV-2598, 2015 WL 3644075, at *5 (S.D.N.Y. Jun. 1, 2015), R&R adopted, 2015 WL 7301076 (S.D.N.Y. Nov. 18, 2015), aff'd, 666 F. App'x 14 (2d Cir. 2016) ("the pre-suit procedures for perpetuating testimony (or, by implication, perpetuating documentary evidence) are not a substitute for discovery in a filed lawsuit"). Similarly, it is well-established that "Rule 27 is not a vehicle for general discovery before an action is commenced and should not be used 'to determine whether a cause of action exists, and, if so, against whom the action should be instituted.'" In re Liquor Salesman, 2012 WL 2952391, at *6 (quoting Allegretti, 229 F.R.D. at 96). Accord Marshall,

6

2015 WL 2183939, at *2 ("Rule 27 may not be used for the purpose of discovery before action is commenced to enable parties to fish for some ground for bringing suit") (internal quotation marks and citation omitted); Wetzelberger v. M&T Bank Corp., No. 12-CV-3685, 2012 WL 4328398, at *2 (E.D.N.Y. Sept. 20, 2012).

Here, the Court finds that Plaintiff has failed to establish that he is entitled to pre-action discovery[2] pursuant to Rule 27(a). First, Plaintiff has not provided a "focused explanation" of Dr. Santoro's anticipated testimony or the documents he seeks. See Allegretti, 229 F.R.D. at 96. Plaintiff alleges, without elaboration, that he "expects to find information as to the communication between [ ] Santoro and a Justice of the New York State Supreme Court that led to [Plaintiff] being prejudiced." (Pl.'s Reply at 1, ¶ 1.) While Plaintiff alleges that in recorded conversations, Dr. Santoro stated that his role was "to prevent disfavored litigants from insisting on trial in order to curry favor with the [state court judge]," (Pl.'s Reply at 2, ¶ 6), the Court finds that Plaintiff's series of allegations regarding Dr. Santoro's improper motivations do not suffice to

---

[2] Courts in this Circuit have applied Rule 27 to petitions seeking documentary evidence. See Bryant, 2015 WL 3644075, at *8, n.9 ("courts have read [Rule 27] to permit pre-suit 'perpetuation' of other types of evidence, including documents") (collecting cases). But see Allegretti, 229 F.R.D. 93, at 98 ("[i]t is unclear from precedent whether a documents-only production would be legitimate under Rule 27").

7

establish what Plaintiff believes Dr. Santoro's testimony would demonstrate. See Allegretti, 229 F.R.D. at 97 (holding that the petitioners failed to set forth the substance of the testimony they expected to elicit from the proposed deponent where they said "very little" about the substance of the requested testimony and their conclusion as to the expected testimony "appear[ed] to be more aspirational than known"). See also Bryant, 2015 WL 3644075, at *6 ("a Rule 27 petition must meet more stringent pleading requirements than a civil complaint"). Similarly, Plaintiff has failed to specify the contents of these alleged communications or Dr. Santoro's alleged reports or notes. (See, e.g., Pl.'s Reply at 2, ¶ 4 ("Petitioner seeks to discover what actions, if any, Dr. Santoro took as a result of the issuance of this order, including notes he may have taken").)

Moreover, it appears that Plaintiff is attempting to use Rule 27 to "fish" for a basis for filing suit. Plaintiff expressly alleges that he is seeking discovery to confirm that "no inaccurate or baseless allegation is made" and he requires Dr. Santoro's testimony in order to "satisfy himself that each allegation, including remarkable assertions [are] based on solid sworn statement[s] to be included in his complaint." (Pl.'s Reply at 3, ¶ 6.) Additionally, Plaintiff alleges that he is seeking to "determine the correct and total number of defendants to name in a possible action for damages." (Pet. at 1, ¶1.) However, "under

8

Rule 27 the petitioner must already know the substance of the evidence that she seeks to perpetuate and may not use this process as a means of discovery to search for evidence that would undergird a possible lawsuit." Bryant, 2015 WL 3644075, at *3.

Further, Plaintiff appears to allege that he unsuccessfully attempted to obtain discovery either from or about Dr. Santoro during the Matrimonial Action. (Pet. at 7-8, ¶ 22 ("[s]eeking to examine the record, including assertions of defendant Santoro, plaintiff first made good faith discovery demand; then, after they were not responded to, he made a motion to compel discovery of the record and other items"). Thus, Plaintiff's Petition is also improper to the extent he is attempting to use Rule 27 as a means of obtaining general discovery that he was unable to acquire in the context of the Matrimonial Action. Cf. Wetzelberger, 2012 WL 4328398, at *2 ("it is not the purpose of Rule 27 to provide an unsuccessful litigant with discovery that he could not obtain when the litigation was pending in his home court").

Second, Plaintiff has not proffered any reason why he is presently unable to bring an action in federal court. This element of a Rule 27 petition is not satisfied "by showing that the claim cannot be brought because it would not be meritorious, or that it would be difficult or inconvenient to sue," and "concern[s] about the sufficiency of [the petitioner's] pleadings in the future

9

cognizable action is not a valid impediment for the purposes of Rule 27." Marshall, 2015 WL 218939, at *2. While the Court makes no determination on the merits of Plaintiff's claims, Plaintiff has annexed a "preliminary draft of a complaint," (see Pl.'s Reply at 1, ¶ 1; 4-13), and has not made any allegations regarding an inability to file suit against Defendants.

Third, Plaintiff has not made an objective showing that Dr. Santoro's testimony and/or records will be lost, concealed, or destroyed. Plaintiff vaguely alleges that: (1) reports he seeks to rely upon may be discarded, (2) it is unclear whether the state court judge who appointed Dr. Santoro is obligated to preserve any relevant records, (3) "[s]everal potential witnesses are no longer employed by the State [and] their records may be destroyed at any time," and (4) "[a]t least one of the witnesses is of an advanced age." (Pl.'s Reply at 1-2, ¶¶ 2, 3.) However, Plaintiff's Petition seeks to depose and/or obtain documents from Dr. Santoro and/or Spectrum. Plaintiff's vague allegations that unnamed witnesses and a state court judge may not preserve unspecified records has no relevance to the instant Petition with respect to Dr. Santoro and Spectrum.

Moreover, even if the Court were to liberally construe Plaintiff's allegations regarding the potential discarding of reports and a witness's advanced age as references to Dr. Santoro, Plaintiff has still failed to demonstrate that testimony or

documents will be lost, concealed, or destroyed. Factual circumstances that have been held to satisfy this element of a Rule 27(a) petition "have included geographical or jurisdictional constraints, a deponent's advanced age or illness, or actual destruction of evidence." In re Liquor Salesmen, 2012 WL 2952391, at *3. Plaintiff has not alleged that documents have actually been destroyed, nor has he alleged that Dr. Santoro is of such advanced age that it is vital his testimony be preserved. See, e.g., Marshall, 2015 WL 2183939, at *3 (denying the Rule 27 petition and holding that while the petitioners alleged that Bernard Madoff was seventy-seven years old and in apparently poor health, they "presented little actual evidence demonstrating Madoff's poor health to support the purported urgency of preserving his testimony"). Accordingly, Plaintiff's Petition is DENIED.

CONCLUSION

  The Court DENIES Plaintiff's Petition (Docket Entry 1). The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the pro se Plaintiff and mark this case CLOSED.

          SO ORDERED.


          /s/ JOANNA SEYBERT_____
          Joanna Seybert, U.S.D.J.

Dated: September __29__, 2017
     Central Islip, New York